## Flexjet, LLC v Honeywell Intl. Inc.

2024 NY Slip Op 31195(U)

April 8, 2024

Supreme Court, New York County

Docket Number: Index No. 651078/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-------------------------------------------------------------------------------X

FLEXJET, LLC,

                                    Plaintiff,

                             - v -

HONEYWELL INTERNATIONAL INC.,

                                 Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651078/2023 |
| **MOTION DATE** | 11/30/2023, 12/22/2023, 12/22/2023, 01/17/2024, 01/26/2024 |
| **MOTION SEQ. NO.** | 014 017 017 024 027 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 014) 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 189, 191, 209, 210, 211, 212, 213, 214, 215, 216

were read on this motion to/for            DISCOVERY           .

The following e-filed documents, listed by NYSCEF document number (Motion 017) 217, 218, 219, 220, 221, 222, 223, 276, 329, 330, 331, 332, 340

were read on this motion to/for            DISCOVERY           .

The following e-filed documents, listed by NYSCEF document number (Motion 017) 217, 218, 219, 220, 221, 222, 223, 276, 329, 330, 331, 332, 340

were read on this motion to/for          MISCELLANEOUS       .

The following e-filed documents, listed by NYSCEF document number (Motion 024) 268, 269, 270, 271, 272, 273, 274, 275, 286, 333, 334, 335, 336, 341

were read on this motion to/for          MISCELLANEOUS       .

The following e-filed documents, listed by NYSCEF document number (Motion 027) 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 324, 325, 326, 327, 328, 342, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357

were read on this motion to/for          MISCELLANEOUS       .

Upon the foregoing documents and for the reasons set forth on the record (*tr.* 4.8.24),

**651078/2023   FLEXJET, LLC vs. HONEYWELL INTERNATIONAL INC.**
**Motion No.  014 017 017 024 027**

**Page 1 of 4**

1 of 4

Honeywell's motion (Mtn. Seq. No. 014) is granted solely to the extent that Flexjet must provide a privilege log as to any documents withheld on the basis of privilege that relate to accounting adjustments made concerning its liquidated damages analysis. If Honeywell disagrees with the assertion of privilege, they may move by order to show cause. The Court may review any such documents in camera if appropriate. Flexjust must also provide to Honeywell any documents as to any costs incurred in servicing any of the "disputed" engines at the decommissioned N1 repair and service facility as this information may be relevant to any quasi-contract theory of damages that Flexjet asserts in this case. It simply is not clear at this stage if Honeywell should be stuck with the amounts paid to Channel Partners as the appropriate measure of damages under those circumstances.

Documents related to non-Flexjet provider delays are, however, not relevant to Honeywell's force majeure invocation which is unique to Honeywell's individual situation (*see Iluka Res. Ltd. v Chemours International Operations SARL*, Index No. 653398/2020 [NYSCEF Doc. No. 59, pages 6-8, lines 5-23]). Nothing suggests that Flexjet could not perform and under the circumstances of this case this would amount to a fishing expedition. As a final matter, Flexjet need not divulge the identity of the unknown former Honeywell employee because this individual's identity is simply not relevant at this point; Flexjet has indicated that they have no intent to use this individual as a witness. For the sake of completeness, were this unidentified individual ever expected to become a witness, this individual would have to sit for deposition.

As discussed, Flexjet's motion (Mtn. Seq. No. 017) is granted to the extent that Honeywell must provide two versions of the engine cost spreadsheet. The first shall show <u>only</u> all amounts

**651078/2023   FLEXJET, LLC vs. HONEYWELL INTERNATIONAL INC.**
**Motion No.  014 017 017 024 027**

**Page 2 of 4**

Honeywell paid to the Channel Partners for all of Flexjet's engines serviced by the Channel Partners. If no such payments were made, Honeywell shall produce an affidavit indicating as such. This version is <u>not</u> subject to an outside counsel and experts only designation. The second version shall show all payments made for non-Flexjet engines for work done by the Channel Partners during the period in which Honeywell asserts force majeure. This information is relevant to whether invocation of force majeure was appropriate. The non-Flexjet engine information shall be produced on an outside counsel and expert only basis. This limitation is necessary and appropriate because it strikes the appropriate balance between Flexjet's need for the information in evaluating Honeywell's force majeure position but does not provide Flexjet's in-house counsel with proprietary pricing information which in-house counsel could use in future negotiations with Honeywell.

As discussed, Flexjet's motion (Mtn. Seq. No. 024) is granted solely to the extent that Honeywell must produce the requested unredacted engine pricing figures on an outside counsel and expert only designation for the same reasons as set forth above.

Honeywell's motion (Mtn. Seq. No. 027) is withdrawn.

Accordingly, it is hereby

ORDERED that Flexjet shall produce the information set forth above within 30 days; and it is further

**651078/2023  FLEXJET, LLC vs. HONEYWELL INTERNATIONAL INC.**
**Motion No.  014 017 017 024 027**

**Page 3 of 4**

ORDERED that Honeywell shall produce the information set forth above within 30 days;

ORDERED that the parties shall order the transcript of the proceedings (*tr*. 4.8.24), shall upload

the transcript to NYSCEF, and shall split the costs of same; and it is further

ORDERED that Mtn. Seq. No. 027 is withdrawn.

20240408124927ADORROKDCC6EBE83151AB108F019D34598C2B6E

| | |
|---|---|
| **4/8/2024** | |
| **DATE** | **ANDREW BORROK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651078/2023  FLEXJET, LLC vs. HONEYWELL INTERNATIONAL INC.**
**Motion No.  014 017 017 024 027**

**Page 4 of 4**

4 of 4